James B. Hurst and Corinne T. Hurst sued Alabama Power Company (hereinafter "APCo") alleging fraud, misrepresentation, and tortious interference with Mrs. Hurst's employment. The trial court entered a summary judgment for APCo on the tortious interference claim. The remaining counts were tried before a jury, which returned a verdict for APCo. The Hursts appealed the summary judgment on the tortious interference claim.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.;McClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1993); Elgin v. Alfa Corp., 598 So.2d 807 (Ala. 1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). On an appeal from a summary judgment, this Court reviews the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Wilma Corp. v.Fleming Foods of Alabama, 613 So.2d 359 (Ala. 1993).
In July 1992, a dispute arose between the Hursts and APCo over a lake lot in Tallapoosa County that the Hursts had leased from APCo. APCo had been selling some of its lake lots to its lessees. The dispute involved representations made to the Hursts over the terms of the sale. During this time, Corinne Hurst was an associate attorney with the law firm of Samford, Denson, Horsley, Pettey, and Martin (hereinafter "Samford, Denson") in Opelika. At the time the dispute arose, APCo had a retainer agreement with Samford, Denson. Mrs. Hurst knew that APCo had been a former client of Samford, Denson. Although Mrs. Hurst had worked closely with John Denson, a partner with the firm, she went to Yetta Samford, the senior partner, to notify him that she and her husband had a problem with APCo. Yetta Samford made several contacts with APCo on behalf of the Hursts.
In August 1993, the Hursts filed this action against APCo, alleging fraud and misrepresentation. The law firm of Balch 
Bingham in Montgomery, which also had a retainer agreement with APCo, was hired to defend the lawsuit. *Page 399 
In September 1993, John Denson attended a continuing legal education seminar in Auburn. John Scott, an attorney with Balch Bingham, was also attending the seminar. Denson and Scott, who knew each other from prior dealings with APCo, spoke with each other at the seminar. During their conversation, Scott asked Denson if he knew that his law firm had sued APCo. Denson said that he did not. Scott then explained that Denson's associate, Corinne Hurst, and her husband, had sued APCo regarding their lake cabin and lot. Denson requested that Scott send him a copy of the complaint filed by the Hursts. Approximately one week later, Charlie Crook, an attorney with Balch Bingham, had a conversation with Denson regarding the lawsuit. Denson then went to discuss the Hursts' lawsuit with Yetta Samford. Samford told Denson that Corinne Hurst had come to him earlier and discussed with him her problem with APCo.
In October 1993, Denson discussed the lawsuit with Corinne Hurst. After learning of these various conversations, the Hursts' attorney, Steve Schmitt, issued a "Notice of Intent to Serve Subpoena on Nonparty," to the law firm of Samford, Denson. The subpoena requested documents concerning communications between APCo and any attorney with Samford, Denson. APCo objected, asserting that Samford, Denson was acting as counsel for APCo and that, therefore, any such communications were privileged. After receiving the objection, Denson contacted Crook, objecting to the assertion that Samford, Denson was acting as counsel for APCo. After the conversation with Crook, Denson contacted a law firm in Birmingham, seeking advice.
On December 2, 1993, Samford, Denson held a firm meeting. Mrs. Hurst attended the meeting and was questioned regarding the lawsuit. On December 3, 1993, she received a copy of a letter in which Samford, Denson had resigned from representation of APCo. Mrs. Hurst went to discuss the matter with Denson; she resigned from the firm later that day.
The Hursts amended their complaint, alleging tortious interference with Mrs. Hurst's employment. The trial court entered a summary judgment for APCo on the tortious interference claim. A jury found for APCo on the remaining counts.
This Court reviewed the law of intentional interference with contractual relations and the law of intentional interference with business relations in Gross v. Lowder Realty Better Homes Gardens, 494 So.2d 590 (Ala. 1986), and in that case it adopted a single rule to encompass both causes of action. This Court held that for a plaintiff to recover for intentional interference with business or contractual relations, the plaintiff must show:
 "(1) The existence of a contract or business relation;
 "(2) Defendant's knowledge of the contract or business relation;
 "(3) Intentional interference by the defendant with the contract or business relation;
 "(4) Absence of justification for the defendant's interference; and
 "(5) Damage to the plaintiff as a result of defendant's interference."
494 So.2d at 597.
We conclude that on its motion for summary judgment, APCo made a prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law. As to the first and second elements, the Hursts produced evidence that Mrs. Hurst was employed by the law firm of Samford, Denson as an associate attorney and that APCo and Balch Bingham attorneys had knowledge of the employer-employee relationship. However, the Hursts' claim must fail because they presented no evidence to support a finding of the third element — that APCo intentionally interfered with Mrs. Hurst's employment relationship. Evidence was presented that APCo had been a former client and that a retainer agreement existed between APCo and Samford, Denson. Attorneys with Balch Bingham knew of this existing relationship. The first conversation that took place between Samford, Denson and attorneys for APCo was a chance meeting. Samford, Denson initiated further communications in an effort to resolve the dilemma it had been *Page 400 
placed in by the Hursts' lawsuit. The Hursts produced no evidence, only speculation, that APCo interfered with Mrs. Hurst's employment relationship with Samford, Denson. Certainly, they presented no evidence of anintentional interference. Therefore, their claim must fail. Because the Hursts produced no evidence as to the third element, we need not address the fourth and fifth elements.
When a party opposing a properly supported motion for summary judgment offers no evidence to contradict that presented by the movant, the trial court must consider the movant's evidence uncontroverted, with no genuine issue of material fact existing. Voyager Guaranty Ins. Co. v. Brown, 631 So.2d 848
(Ala. 1993). Further, mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer facts to defeat the motion. Crowne Investments, Inc. v. Bryant,638 So.2d 873 (Ala. 1994).
After carefully reviewing the record, and viewing the evidence in the light most favorable to the Hursts, we conclude that the trial court properly entered the summary judgment for APCo. Therefore, that judgment is due to be affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, and BUTTS, JJ., concur.