THOMPSON, Judge,
dissenting.
I disagree with the main opinion’s reversal of the summary judgment. I believe that Bruno’s has demonstrated that it is entitled to immunity under § 13A-9-13.2, Ala.Code 1975, and that West failed to present sufficient evidence to defeat Bruno’s properly supported motion for a summary judgment. The main opinion’s holding creates a duty on the part of a business or other party holding a worthless negotiable instrument to investigate whether it is entitled to immunity under § 13A-9-13.2, and it places on that party the burden of establishing the elements of the crime of negotiating a worthless negotiable instrument. See § 13A-9-13.1, Ala. Code 1975.
Section 13A-9-13.2(3), Ala.Code 1975, provides that a party who (1) holds a worthless check and (2) notifies the writer of that check in compliance with the requirements of § 13A-9-13.2(2), “shall be immune from civil or criminal liability” with regard to its proceeding under the Worthless Check Act to prosecute the writer of the worthless check. (Emphasis added.) I believe that the sole question presented to this court for resolution is whether Bruno’s complied with the provisions of the Worthless Check Act and is, therefore, entitled to immunity under § 13A-9-13.2, Ala.Code 1975.
West does not dispute that she issued a check that was returned to Bruno’s marked “insufficient funds.” West does not dispute that Bruno’s properly notified her, in compliance with the requirements of § 13A-9-13.2(2), Ala.Code 1975, of the fact that her check had been returned for insufficient funds. Because the two elements that entitle Bruno’s to immunity under § 13A-9-13.2(3) are not contested by the parties, I conclude that the summary judgment should be affirmed, and that this court should go no further in its analysis.[1] However, I feel it necessary to address the main opinion.
*310 In arguing that Bruno’s was not entitled to immunity under § 13A-9-13.2(3), West contends only that, with regard to her check, Bruno’s was not “holding a worthless negotiable instrument,” and that Bruno’s, rather than West, had a duty to investigate whether West or her bank had made a mistake. I conclude that this court, in agreeing with West’s argument, has imposed a duty on the party holding a check returned for insufficient funds — a duty our Legislature, in enacting the Worthless Check Act, did not impose. The main opinion concludes that Bruno’s was required to prove that West had a “specific intent to defraud,” see 837 So.2d at 307, and that Bruno’s did not meet its burden of proof by presenting evidence regarding West’s intent. In support of that conclusion, the main opinion cites two cases in which the appellate courts discussed the elements the State must ultimately prove in prosecuting a person charged with the crime of negotiating a worthless instrument. See Tolbert v. State, 294 Ala. 738, 321 So.2d 227 (1975), and Bullen v. State, 518 So.2d 227 (Ala.Crim.App.1987). In relying on these cases, the main opinion improperly imposes on a party who holds a worthless negotiable instrument and who complies with § 13A-9-13.2 the same burden the State bears in a criminal trial to prove the element of intent. See Piggly Wiggly No. 208, Inc. v. Dutton, 601 So.2d 907, 911 (Ala.1992) (“Because subjective intent ... is often difficult to ascertain, it stands to reason that the person in the best position to assess the merits of a criminal prosecution under [the Worthless Check Act] is the district attorney.”).
Even assuming that a holder of a worthless negotiable instrument must address the issue of the maker’s intent, the Worthless Check Act, rather than requiring that the holder of a worthless negotiable instrument demonstrate that it had probable cause to believe the issuer of the check intended to defraud the payee of the check, sets forth the situations in which there is prima facie evidence of intent to negotiate a worthless instrument:
“[I]t is prima facie evidence that the maker or drawer intended, knew, or expected that the instrument would not be honored in the any of the following instances:
“(2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery, and the maker or drawer shall not have paid the holder thereof the amount due thereon, together with a service charge of not more than (fill in appropriate amount as provided by law), within 10 days after receiving written notice from the holder of the instrument that payment was refused upon the instrument, as provided in Section 13A-9-13.2.”
§ 13A-9-13.1(b), Ala.Code 1975 (emphasis added).
In support of its motion for a summary judgment, Bruno’s submitted evidence indicating that West’s check had been returned to it for insufficient funds, and that, pursuant to § 13A-9-13.2, Ala.Code 1975, it properly notified West of the insufficiency and requested payment. In opposition to Bruno’s summary-judgment motion, West presented her affidavit stating that, even assuming it was admissible,[2] demon *311 strates only that West’s bank removed funds representing the amount of the check from her bank account, i.e., that it paid the check. West’s affidavit states that “[the] check was presented to my bank and was paid and withdrawn from my account,” and that West contacted a Bruno’s manager and informed the manager that “the check had cleared my bank and that it was in fact not a bad or bounced check.” However, West has not presented any evidence indicating that Bruno’s was the party who presented her check to her bank and received payment. West has presented no evidence indicating that Bruno’s was properly paid, and she has not at any time contended that she told the Bruno’s manager that Bruno’s had received the proceeds of her check.
More significantly, West has not demonstrated that she herself complied with the Worthless Check Act after Bruno’s notified her that her check had been returned for insufficient funds. West did not present evidence indicating that she paid the amount of the check, plus any applicable service charge, to Bruno’s, when she was notified that her bank had returned the check to Bruno’s. See § 13A-9-13.1(b)(2), Ala.Code 1975. See also Steeley v. City of Gadsden, 533 So.2d 671, 677 (Ala.Crim.App.1988) (“the refusal of the drawee to honor the check because of ‘insufficient funds’ and the failure of the appellant to pay the amount of the check ... within ten days after proper notice are prima facie evidence that the appellant intended, knew or expected that [her] check would not be honored”). The clear terms of § 13A-9-13.1(b)(2) dictate the actions required of the maker of the check, but nothing in the Worthless Check Act requires any duty on the part of the holder of a worthless negotiable instrument to investigate the circumstances leading to the instrument’s being returned to it for insufficient funds. Given the foregoing, I do not believe that West presented sufficient evidence to defeat the prima facie evidence of intent by demonstrating that as the “maker or drawer” of the instrument, she “paid the holder thereof the amount due thereon.” § 13A-9-13.1(b)(2), Ala.Code 1975. Further, although West’s bank statement, upon which she apparently bases her affidavit, indicates that the check did clear her bank, there is no evidence in the record regarding to whom the funds from that check were transferred. The funds might have been properly transferred to Bruno’s, or they might have been directed to the wrong account; such information was readily available to West upon a mere inquiry to her bank. It is speculation to conclude that the bank properly paid Bruno’s rather than some other party, or that West demonstrated to the Bruno’s manager that Bruno’s did receive payment for her check. It is well settled that speculation that a fact exists will not defeat a properly supported motion for a summary judgment. Ex parte Wal-Mart Stores, Inc., 806 So.2d 1247 (Ala.2001); Hurst v. Alabama Power Co., 675 So.2d 397 (Ala.1996). Therefore, I conclude that West failed to meet her burden of presenting substantial evidence to defeat Bruno’s properly supported motion for a summary judgment.
West has argued on appeal and on application for rehearing that the trial court erred in entering a summary judgment before the parties completed discovery. “The mere pendency of discovery does not bar summary judgment.” Hope v. Brannan, 557 So.2d 1208, 1212 (Ala.1989). If a *312 party opposing a motion for a summary judgment cannot properly respond to that summary-judgment motion because necessary discovery is still pending, that party must file an affidavit in the trial court stating that the requested discovery is crucial and stating the reason the party cannot respond to the summary-judgment motion without that discovery. Rule 56(f), Ala. R. Civ. P.; Stallworth v. AmSouth Bank of Alabama, 709 So.2d 458 (Ala.1997); McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156 (Ala.1996); Hope v. Brannan, supra; Reeves v. Porter, 521 So.2d 963 (Ala.1988); Dorsey v. Bowers, 709 So.2d 51 (Ala.Civ.App.1998). “Such an affidavit should state with specificity why the opposing evidence is not presently available and should state, as specifically as possible, what future actions are contemplated to discover and present the opposing evidence.” Committee Comments to August 1, 1992, Amendment to Rule 56(c) and Rule 56(f), Rule 56, Ala. R. Civ. P.
In McCullar v. Universal Underwriters Life Ins. Co., supra, the party opposing a motion for a summary judgment (“the non-movant”) moved the trial court for a continuance, but the trial court denied her request. The nonmovant stated only that she needed certain documents in order to depose certain witnesses. The supreme court found that the nonmovant did not specifically state to the trial court, or argue to the supreme court, the reason “why the discovery was significant to her effort to rebut the summary judgment motion.” McCullar, 687 So.2d at 161. Therefore, the supreme court, noting that Rule 56(f) places the burden on the nonmovant to show why the discovery was crucial, held that the trial court did not abuse its discretion in refusing to continue its consideration of the motion for a summary judgment. McCullar, 687 So.2d at 161-62.
In this case, in her response to Bruno’s motion for a summary judgment, West did not file a Rule 56(f) affidavit. West argued only that “to allow a summary judgment prior to even rudimentary discovery being completed would be unjust and prejudice [her].” Even assuming that such an argument is sufficient, in so arguing, West did not specify what pending discovery was necessary for her to respond to the motion for a summary judgment, why that discovery information was crucial to her ability to properly respond to that motion, or why she could obtain that information only through discovery. West’s argument on appeal as to this issue was virtually identical to the argument she made before the trial court. In her brief on application for rehearing, West, for the first time, makes a specific argument regarding the discovery she contends was necessary to her ability to respond to the motion for a summary judgment. It is well-settled that an issue may not be raised for the first time on application for rehearing, Millar v. Wayne’s Pest Control, 804 So.2d 213 (Ala.Civ.App.2001), and it follows that an issue, although raised, may not be properly argued for the first time on application for rehearing.
I believe that the burden was on West, the issuer of the check, to ensure payment to the merchant, see § 13A-9-13.2, Ala. Code 1975, and that this court’s reversal of the summary judgment places the burden on Bruno’s, the merchant and the holder of the worthless negotiable instrument, to defend a claim supported only by conclusory allegations and speculation. Therefore, I dissent from the reversal of the summary judgment entered in favor of Bruno’s.

. I would note that the Judge Pittman's concurring opinion would also reverse for Bruno's to ''comply'' with the holding in Wal-Mart Stores, Inc. v. Patterson, 816 So.2d 1 (Ala.2001). In that case, our supreme court addressed one issue — whether a holder of a worthless negotiable instrument must prove that it complied with the identification requirements of § 13A-9-13.3, Ala.Code 1975, in establishing a prima facie case that it was entitled to immunity under § 13A-9-13.2(3), Ala.Code 1975. The court held that "compliance with the identity provisions of § 13A-9-13.3, on which prima facie evidence of identity depends, is part and parcel of the grant of immunity [under § 13A-9-13.2(3) ]," Wal-Mart Stores, Inc. v. Patterson, 816 So.2d at 7. West has not contended that Bruno's failed to comply with the requirements of the Worthless Check Act, including § 13A-9-13.3. Even so, the record contains a copy of the face of West’s check, and the face of that check contains all of the information required by § 13A-9-13.3.1 believe that the record clearly indicates that Bruno’s demonstrated that it has complied with all of the requirements of the Worthless Check Act. See § 13A-9-13.1 through -13.3, Ala.Code 1975. Therefore, I cannot agree that the judgment should be reversed and the case remanded to the trial court on that basis.

. West’s affidavit contains some statements constituting hearsay and unauthenticated copies of her bank statement. For the purposes of this writing, I will assume that the courts may properly consider all parts of West’s submissions in opposition to Bruno's motion for a summary judgment. See Chatham v. CSX Transp., Inc., 613 So.2d 341 (Ala. *311 1993) (the nonmovant may oppose a motion for a summary judgment only with admissible evidence).