CRAWLEY, Judge.
Velma Duncan appeals from the trial court’s summary judgments entered in favor of Windhover Condominium Association (“Windhover”) and CS Real Estate and in favor of Works of Art Landscaping & Lawn Maintenance, Inc. (‘Works of Art”).
Duncan sued Windhover, CS Real Estate, and Works of Art[1] seeking damages for injuries she received when she slipped and fell on Windhover’s premises, which is managed by CS Real Estate; Works of Art performed maintenance, including grass cutting and blowing off leaves and excess grass from sidewalks, on Windh-over’s premises pursuant to a contract between it and CS Real Estate. Duncan asserted causes of action alleging negligence against Windhover, CS Real Estate, and Works of Art and that she was third-party beneficiary to the contract between CS Real Estate and Works of Art. Windh-over, CS Real Estate, and Works of Art filed answers.
Works of Art filed a motion for a summary judgment with a supporting ’ brief and exhibits; Duncan filed a response to that motion with supporting exhibits. The trial court conducted a hearing on Works of Art’s motion for a summary judgment and entered an order granting a summary judgment in favor of Works of Art that stated, in pertinent part:
“The Court disagrees with [Works of Art] that there is insufficient evidence that a duty of care was owed. The evidence filed by [Duncan] in opposition to the summary judgment motion suggests that [Works of Art] had the duty to keep the condominium complex clear of debris. Summary judgment is proper, however, in the absence of evidence [indicating that] any breach of [Works of Art’s] duties led to [Duncan’s] injuries. Even assuming [that Works of Art] performed [its] duties a couple of days before [Duncan’s] injury (rather than a week as [Works of Art] suggests), there is nothing to link the two. In short, [Duncan] has failed to meet her burden of presenting evidence that [Works of Art’s] alleged malfeasance or omission proximately caused her injury.”
While the trial court’s order seemingly addressed only Duncan’s negligence claim against Works of Art, its judgment stated that summary judgment was entered as to all Duncan’s claims against Works of Art, which would include her breach-of-contract claim. Duncan filed a motion to amend, alter, or vacate the summary judgment in favor of Works of Art; Works of Art filed a response to Duncan’s postjudgment motion. The trial court denied Duncan’s postjudgment motion.
Windhover and CS Real Estate subsequently filed a motion for a summary judgment with a supporting brief and exhibits. Duncan filed a motion in opposition to that motion with attached exhibits. The trial *524 court entered an order granting a summary judgment in favor of Windhover and CS Real Estate that stated, in pertinent part:
“There is scant, caselaw explaining the legal rights of a condominium member against her condominium association resulting from an injury in a common area. The court also has no evidence specifically delineating the rights and duties of [Windhover]; absent are any documents that spell out the particulars >of this association.
“Given this uncertainty, the court looks to the analogous area of apartment owner-lessee relationships to ascertain the applicable standard of care. From Ervin v. Excel Properties, Inc., 831 So.2d 38, 40-41 (Ala.Civ.App.2001), comes the following:
“ ‘A tenant in an apartment complex shares the same legal rights as' an invitee with respect to the common areas of the complex. Shelton v. Boston Fin., Inc., 638 So.2d 824 (Ala. 1994). Our supreme court has stated:
“ ‘ “A landowner owes an invitee the legal duty ‘to exercise reasonable care and .diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee was ignorant.’ Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, at 62, 173 So. 388 (1937).”
“ ‘Id. .at 825. To recover in a premises-liability action based on a fall, a plaintiff must prove (1) that her fall was caused by a defect or instrumentality located on the defendant’s premises, (2) that the fall was the result of the defendant’s negligence, and (3) that the defendant'had or should have had notice of the defect or instrumentality before the accident. Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83, 84 (Ala.1992). An owner of the premises is not an insurer of the safety of his invitees, and the doctrine of res ipsa loquitur is not applicable. Ex parte Mountain Top Indoor Flea Market, Inc., 699 So.2d 158 (Ala.1997). No presumption of negligence arises out of the mere fact of an injury to the invitee.’
“The Ervin court’s, application of those general rules to the facts of that case is instructive:
“ ‘Although Ervin attributed her fall to an alleged faulty condition of the steps, her testimony establishes that she was not certain what made her fall. Ervin’s testimony was that her foot hit “something,” but that she had no evidence and did not know whether that “something” was some condition of the steps. Ervin has advanced one theory regarding the cause of her fall. However, the possible condition of the steps is only one potential cause of Ervin’s fall and injury; more than one plausible explanation of the cause of Ervin’s fall exists. “ ‘[T]he mere possibility that a careless act , caused damage is not itself sufficient to find proximate cause.’” Bell v. Colony Apartments Co., Ltd., 568 So.2d [805], .810 [(Ala.1990)]. Further, “mere con-clusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion.” Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996). We cannot say that the evidence supports an inference that a defective condition of Excel’s steps caused Er-vin’s fall. Therefore, we cannot say that Ervin established the element of *525 her claim that required her to present evidence that her fall was caused by a defect or instrumentality located on Excel’s premises. Logan v. Winn-Dixie Atlanta, Inc., [594 So.2d 83 (Ala.1992)]. We conclude that this is one of those rare cases in which summary judgment is appropriate in a negligence action. Therefore, we affirm the summary judgment entered on Ervin’s negligence claim.” ’
“Ervin, 831 So.2d at 45. In short, the [Alabama Court of Civil Appeals] found that a negligence action cannot be based on speculation or assumption. There must be sufficient evidence that a duty existed, that a breach of duty occurred because of negligence, and that the plaintiffs injury was a direct result — i.e., was caused by — this negligent breach.
“Here, [Duncan] points to the break of two fire mains several months before [her] injury. Uncontested is [Duncan’s] evidence that these breaks resulted in an amount of ground debris strewn about the roads within the condominium complex. Did [Duncan] slip on some of this debris? There is no evidence of that. The court notes that Clystia Barr testified that such debris was in the roads, but she would never agree having seen such debris on the sidewalks. Further, there was apparently recent work on the sidewalks in the area where [Duncan] fell by defendant Rick Bradley (who is currently in default).
“As has been true throughout this case, [Duncan’s] problem is that she doesn’t know what she slipped on. It could have been debris caused by the broken water mains, but it could have also been left from the work done by defendant Bradley, or it could have been left there by [Works of Art], or it could have come from some other source completely. There is simply insufficient evidence to enable a jury properly to determine that any party’s negligence caused the injury. Because of this evidentiary failing, defendants] Windhover’s [and CS Real Estate’s] motion must be GRANTED.”
The trial court also entered a summary judgment in favor of Windhover and CS Real Estate on Duncan’s breach-of-contract claim. Duncan filed a timely notice of appeal to the supreme court. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Duncan argues (1) that the trial court erred in entering a summary judgment in favor of Windhover and CS Real Estate based upon its determination that she had a burden to prove the origin of the defect on Windhover’s premises and (2) that the trial court erred in entering a summary judgment in favor of Works of Art based upon its determination that, although Works of Art owed Duncan a duty of care, Duncan failed to provide sufficient evidence that Works of Art breached its duty. Thus, Duncan does not appeal from the trial court’s judgments relating to her breach-of-contract claims. Our review of a summary judgment is de novo.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it *526 is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Banners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
Duncan first argues that the trial court erred when it required her to establish the origin of the defect on the premises' — a sandy substance or other debris upon which she allegedly slipped — in entering its summary judgment in favor of Windhover and CS Real Estate. Our review of the trial court’s order indicates that it did acknowledge the existence of debris on the premises but that it determined that Duncan failed to meet the evi-dentiary showing required to proceed with this premises-liability action because she could not identify how the debris became located on Windhover’s premises. In entering its summary judgment, the trial court cited this court’s opinion in Ervin v. Excel Properties, Inc., 831 So.2d 38 (Ala. Civ.App.2001), which set out, among other things, a premises owner’s duty to an invitee and the three things a plaintiff must prove in order to recover in a premises-liability action. Neither Duncan nor Windhover and CS Real Estate contend that the trial court’s reliance on Ervin was in error; Duncan contends that the trial court added an additional element of proof — the origin of the defect at issue— and Windhover and CS Real Estate contend that the trial court’s application of Ervin to the facts of this case was correct.
In Ervin, this court affirmed a trial court’s summary judgment in favor of the defendant in a premises-liability action because the plaintiff could not identify what caused her to fall. This court acknowledged the three things the plaintiff was required to prove in order to recover in a premises-liability action — “(1) that her fall was caused by a defect or instrumentality located on the defendant’s premises, (2) that the fall was the result of the defendant’s negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident.” Ervin, 831 So.2d at 41 (citing Logan v. Winm-Dixie Atlanta, Inc., 594 So.2d 83, 84 (Ala.1992)). The flaw in the plaintiffs case in Ervin was that she could not identify the defect or instrumentality that caused her to fall. In this case, however, Duncan presented evidence that there was debris scattered about the premises as the result of a broken fire main. This contention was supported by the deposition testimony of the owner of Works of Art, who testified that Works of Art had been employed to collect the debris and place it into a hole but that the debris was later strewn over the premises by causes such as traffic. The owner of Works of Art further testified that this condition had existed for approximately five months before Duncan’s fall and that the condition continued to exist until some time after Duncan’s fall when the premises were re-asphalted. Thus, we conclude that there was substantial evidence creating a genuine issue of material fact concerning Duncan’s allegations, including whether Windhover and CS Real Estate had, or should have had, notice of this condition.
The trial court, while acknowledging that Duncan had in fact slipped upon debris on the premises, nonetheless found *527 that she had not met her burden because of her inability to present evidence showing the source of the debris. Our review of the applicable caselaw, see Ervin, supra, indicates that the origin of the defect at issue — i.e., the source of the debris that caused Duncan’s fall — was not something that Duncan was required to prove. It seems, however, that the trial court found it problematic that there was more than one possible cause of the debris that was on the premises. We acknowledge that there were other possible causes of the debris, including Works of Art’s landscaping work and a sidewalk contractor’s work that had been performed before Duncan’s fall. While the origin or cause of the debris to be on the premises was speculative, we do not find that the unknown origins of the debris affects the premises owner’s duty to Duncan as an invitee. Simply stated, no matter what caused the debris located on the premises, the premises owner — here Windhover and its agent CS Real Estate- — still owes a duty to make its premises reasonably safe and to warn invitees of known dangerous conditions.
In reviewing the evidence in a light most favorable to Duncan, as the nonmov-ant, Hobson, supra, we conclude that she, unlike the plaintiff in Ervin, supra, did present sufficient evidence identifying the defect that caused her fall — namely, the debris on the area of the sidewalk where she slipped; that Windhover and CS Real Estate owed a duty to her as an invitee; and that Duncan presented substantial evidence meeting her burden of creating a genuine issue of material fact on the issue whether Windhover and CS Real Estate had notice that debris from a broken water main had been strewn over the premises for approximately five months before Duncan’s fall. Our opinion in Ervin did not provide that it is the plaintiffs burden to additionally show how the defect or instrumentality at issue came to be located on the defendant’s premises. Windhover and CS Real Estate fail to cite any additional authority for this proposition. Accordingly, we reverse the trial court’s summary judgment in favor of Windhover and CS Realty as to Duncan’s negligence claims and remand the cause for further proceedings.
Duncan also argues that the trial court erred in entering a summary judgment in favor of Works of Art. She contends that it erred by determining that, although Works of Art owed her a duty of care, she had failed to show that Works of Art had breached that duty. There was evidence presented tending to show that Works of Art, pursuant to a contract, did landscaping work on the premises at issue; included in its landscaping duties was the task of blowing debris off of the sidewalks. As previously mentioned, Works of Art had also been employed to clean up debris from a broken fire main that had been strewn about the premises. There was testimony indicating that Works of Art’s efforts to clean up the debris from the broken fire main was not successful because after placing this debris into a hole on the premises, the debris was subsequently scattered throughout the premises by automobiles. Despite the trial court’s determination that Works of Art had a duty to Duncan, it concluded that Works of Art had not breached its duty. We agree. The passage of time alone between Works of Art’s actions and Duncan’s fall provided the opportunity for a number of intervening events, e.g., automobile traffic, natural causes such as wind, and, as mentioned by the trial court, the sidewalk work that had been performed by another defendant who was in default, to have caused the debris to become located on the sidewalk on which Duncan slipped. Furthermore, Works of Art is not the premises owner and does not have the heightened duty to an invitee that is applicable to a premises owner. *528 Accordingly, we agree with the trial court that the evidence presented by Duncan as to her negligence claim against Works of Art was speculative; therefore, the trial court’s entry of a summary judgment in favor of Works of Art is due to be affirmed. See Ervin, 831 So.2d at 45 (citing Bell v. Colony Apartments Co., Ltd., 568 So.2d 805, 810 (Ala.1990), and Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996)).
In summary, the trial court’s summary judgment in favor of Windhover and CS Real Estate as to Duncan’s negligence claims is reversed and the cause is remanded for further proceedings; the trial court’s summary judgment in favor of Works of Art on Duncan’s negligence claim is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., concurs.
THOMPSON and PITTMAN, JJ., concur in the result, without writing.
MURDOCK, J., concurs in part and dissents in part, with writing.

. Duncan filed several amended complaints, which included a breach-of-contract claim against all defendants, and there were other defendants named in this lawsuit. The trial court entered final judgments relating to those other defendants and Duncan has not appealed from those judgments. For simplicity, we refer only to Windhover, CS Real Estate, and Works of Art because the trial court’s summary judgments as to these defendants are the subject of Duncan's appeal.