BOLIN, Justice.
Chad Jones petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying his motion for a summary judgment in an action filed against him by Latonya Hall,, individually and as mother and next friend of Demetrius Hall, a minor, and Maurice Caffie, individually (hereinafter collectively referred to as “Hall”), and to enter a summary judgment in his favor on the basis of State-agent immunity. We deny the petition.

Facts and Procedural History

At the time of the events giving rise to this action, Jones was employed as a physical-education teacher at Gresham Middle School and Demetrius Hall and Michael Boyd were students at Gresham Middle School. On May 5, 2006, a physical altercation occurred between Demetrius and Boyd during a basketball game. According to Demetrius, he was guarding Boyd tightly when Boyd became angry and threw the basketball at him, striking him in the face with the ball. Demetrius responded by pushing Boyd and throwing a punch; a fight then ensued between Demetrius and Boyd. Demetrius and Boyd were separated by other students but continued to argue with each other. After the two exchanged insults for approximately a minute, another student unexpectedly shoved Demetrius into Boyd, and Boyd responded by “slamming” Demetrius into some nearby metal stairs and striking him in the head. Demetrius was seriously injured as the result of the altercation. Jones contends that he was at the opposite end of the gym when the altercation occurred, having walked there to deliver a message to Miriam Sokol, the girls physical-education teacher, that she was needed in the office.
On May 5, 2008, Hall sued Jones, Sokol, and Sammy Queen, who was also a physical-education teacher at Gresham Middle School (hereinafter collectively referred to as “the defendants”), asserting claims of *417 negligence and wantonness and alleging that the defendants had breached their duty to reasonably supervise Demetrius and Boyd by leaving them unattended for an extended length of time. On June 5, 2008, Jones and Sokol answered the complaint, asserting, among other things, the defense of State-agent immunity. On July 22, 2011, the defendants moved the trial court for a summary judgment as to the claims asserted against them, arguing, among other things, that they were entitled to State-agent immunity under the test set forth in Ex parte Cranman, 792 So.2d 392 (Ala.2000).[1]
On October 4, 2011, Hall filed a response in opposition to the defendants’ motion for a summary judgment. In this response Hall voluntarily abandoned all claims against Sokol and Queen. As for Jones, Hall argued that a question of fact existed as to whether Jones had left the gym floor at the time of the altercation. Hall argued that, if he was not present on the gym floor at the time of the altercation, Jones had acted beyond his authority and thereby lost the protection from suit afforded to him by State-agent immunity.
On December 19, 2011, the trial court entered an order denying the defendants’ summary-judgment motion. On January 18, 2012, Sokol and Queen moved the trial court to alter, amend, or vacate its judgment denying the motion for a summary judgment, noting that Hall had abandoned all claims against them and had conceded that Sokol and Queen were entitled to a summary judgment. On January 30, 2012, the trial court granted the postjudgment motion filed by Sokol and Queen and dismissed all claims asserted against them with prejudice.
On February 24, 2012, Jones petitioned this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order denying his motion for a summary judgment and to enter a summary judgment in his favor based on State-agent immunity. On March 19, 2012, this Court issued an order denying Jones’s petition for a writ of mandamus pursuant to Rule 21(a)(3), Ala. R.App. P., which provides:
“Time for Filing. The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
The presumptively reasonable time for filing a petition for a writ of mandamus from the denial of a motion for a summary judgment is 42 days. See Ex parte Noland Hosp. Montgomery, LLC, 127 So.3d 1160 (Ala.2012).
The petition for a writ of mandamus filed on February 24, 2012, was filed well beyond 42 days, the presumptively reasonable time, after the trial court denied Jones’s motion for a summary judgment, i.e., after December 19, 2011. Jones failed to include a statement of circumstances constituting good cause as to why this Court should consider his petition. The pendency of the postjudgment motion filed by Sokol and Queen did not toll the running of the presumptively reasonable time in which to file the petition for a writ of mandamus seeking a review of the trial *418 court’s interlocutory order denying Jones’s motion for a summary judgment. Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003). This Court overruled Jones’s application for a rehearing on May 2, 2012.
On November 21, 2012, Jones filed a “renewed” motion for a summary judgment, expressly adopting the argument and supporting evidentiary submissions in his previous motion for a summary judgment filed on July 22, 2011. Additionally, Jones stated in the “renewed” motion for a summary judgment that subsequent to the trial court’s denial of his initial summary-judgment motion, this Court had issued its decision in Ex parte Montgomery County Board of Education, 88 So.3d 837 (Ala. 2012), in which the “Alabama Supreme Court again upheld [an] educator’s entitlement to State-agent immunity protection against [a] plaintiffs claims for negligent and/or wanton supervision of students.”[2] On March 5, 2013, Hall filed a response in opposition to Jones’s “renewed” motion for a summary judgment, arguing that Jones had failed to assert any new grounds as the basis for his “renewed” summary-judgment motion and that Jones had merely asked the trial court instead to reconsider the previously rejected grounds as the basis for the “renewed” summary-judgment motion. Hall also argued that the decision in Ex parte Montgomery County Board of Education did not work a fundamental change in the law of State-agent immunity that would mandate the entry of a summary judgment in favor of Jones in this case. Hall noted that this Court merely concluded in Ex parte Montgomery County Board of Education that, based on the facts of that case, the teacher there was exercising discretion in the supervision of her students and was, therefore, entitled to State-agent immunity. Hall argued that the facts of the present case are distinguishable from the facts presented in Ex parte Montgomery County Board of Education, because the facts presented in this case create a question of fact as to whether Jones was present on the gym floor and properly supervising the students as was required of him, thus preventing a judgment as a matter of law holding that Jones was entitled to State-agent immunity.
Following a hearing, the trial court, on April 2, 2013, denied Jones’s renewed motion for a summary judgment. This petition followed.

Standard of Review

This Court has stated:
‘“While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion grounded on a claim of immunity is reviewable by petition for writ of mandamus. Ex parte Purvis, 689 So.2d 794 (Ala.1996)
[[Image here]]
“ ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P., Young v. La Quinta Inns, Inc., 682 So.2d 402 (Ala.1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party, Hurst v. Alabama Power Co., 675 So.2d 397 (Ala.1996), Fugua v. Ingersoll-Rand *419 Co., 591 So.2d 486 (Ala.1991); will accord the nonmoving party all reasonable favorable inferences from the evidence, Fuqua, supra, Aldridge v. Valley Steel Constr., Inc., 603 So.2d 981 (Ala.1992); and will resolve all • reasonable doubts against the moving party, Hurst, supra, Ex parte Brislin, 719 So.2d 185 (Ala. 1998).
“ ‘An appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply these same standards applicable in the trial court. Fug-ua, supra, Brislin, supra. Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in deciding the motion. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala.1991), Boland v. Fort Rucker Nat’l Bank, 599 So.2d 595 (Ala.1992), Rowe v. Isbell, 599 So.2d 35 (Ala.1992).’ ”
Ex parte Turner, 840 So.2d 132, 135 (Ala. 2002) (quoting Ex parte Rizk, 791 So.2d 911, 912-13 (Ala.2000)).' This Court may affirm the judgment of the trial court upon any valid legal ground evén if that ground was not argued before or considered by, and even if it was rejected by, the trial court. Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala.2000). See also Unum Life Ins. Co. of America v. Wright, 897 So.2d 1059, 1082 (Ala.2004) (“ ‘This Court may affirm a trial court’s judgment on “any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court.” ’ ” (quoting General Motors Corp. v. Stokes Chevrolet, Inc., 885 So.2d 119, 124 (Ala.2003), quoting in turn Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003))).
A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: “‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ” Ex parte Nall, 879 So.2d 541, 543 (Ala.2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001)).

Discussion

Hall argues that Jones’s present petition for a writ of mandamus should also be denied as untimely because, Hall says, in reality, Jones seeks appellate review of the trial court’s order denying his first motion for a summary judgment based on his claim to State-agent immunity, simply by filing a “renewed” motion for a summary judgment based on no new arguments or facts and no fundamental change in the applicable law. Hall argues that Jones is merely seeking a “second bite” at mandamus review after failing to timely file a petition for a writ of mandamus following the trial court’s denial of his first motion for a summary judgment based on his claim of State-agent immunity.
After this Court denied Jones’s first petition for a writ of mandamus as untimely pursuant to Rule 21(a)(3), Ala. R.App. P., Jones filed a “renewed” motion for a summary judgment on November 21, 2012, in which he expressly adopted the evidentia-ry submissions and the State-agent-immunity argument that were originally submitted in support of his initial motion for a summary judgment. Jones noted in the “renewed” motion for a summary judgment that, subsequent to the trial court’s denial of his initial motion for a summary judgment, this Court had issued its decision in Ex parte Montgomery County Board of Education, supra, in which, he points out, the “Alabama Supreme Court again upheld [an] educator’s entitlement to *420 State-agent immunity protection against [a] plaintiffs claims for negligent and/or wanton supervision of students.” To the extent that Jones contends that the decision in Ex parte Montgomery County Board of Education mandates a summary judgment in his favor based on State-agent immunity, Jones has given too much weight to this Court’s decision in that case. This Court’s decision in Ex parte Montgomery County Board of Education did not work a fundamental change in the law of State-agent immunity as it pertains to educators. This Court simply applied well established law to the particular facts of that case and determined that the teacher in that case was entitled to State-agent immunity. Further, although Jones presented his argument based on this Court’s decision in Ex parte Montgomery County Board of Education to the trial court for the first time in his “renewed” motion for a summary judgment, Jones did not present to the trial court a new ground or argument in support of his motion for summary judgment — the basis for the motion remained his claim of State-agent immunity. Rather, Jones simply presented the trial court with the same argument, i.e., that he was entitled to State-agent immunity, with a citation to additional and more recent authority.
Generally, “a court may reconsider its ruling on a motion for summary judgment and may correct an erroneous ruling at any time before final judgment- The number of times a subsequent motion for summary judgment will be allowed rests within the sound discretion of the judge before whom the case is to be tried.” Food Serv. Distribs., Inc. v. Barber, 429 So.2d 1025, 1027 (Ala.1983). However, the situation presented here is unique because it involves the subsequent filing and denial of a motion for summary judgment based on immunity grounds from which a petition for a writ of mandamus was taken, after a prior petition for a writ of mandamus challenging a previously denied motion for a summary judgment, based on the same State-agent immunity grounds, had been determined by this Court to be untimely pursuant to Rule 21(a)(3), Ala. R.App. P. Jones presented no new grounds, argument, evidence, or change in the applicable law in support of his “renewed” motion for a summary judgment. To allow Jones to now petition this Court for a writ of mandamus following the denial of the “renewed” motion for a summary judgment, after this Court had determined that his previously filed mandamus petition challenging the denial of his first summary-judgment motion based on the same arguments and grounds as the “renewed” motion for a summary judgment, would undermine the spirit and purpose of Rule 21(a)(3) and render that rule meaningless. In essence, Jones seeks a “second bite” at appellate review of the denial of his summary-judgment motion based on immunity grounds, having failed to timely seek appellate review of the trial court’s denial of the initial motion for a summary judgment. Accordingly, we conclude that Jones has failed to demonstrate that he has a clear legal right to the relief sought, and we deny the petition for a writ of mandamus.
PETITION DENIED.
MOORE, C.J., and STUART, PARKER, MAIN, WISE, and BRYAN, JJ., concur.
SHAW, J., concurs in the result.
MURDOCK, J., dissents.

. Although Cranman was a plurality opinion, the test set forth in Cranman was subsequently adopted by a majority of the Court in Ex parte Butts, 775 So.2d 173, 178 (Ala.2000).

. The decision in Ex parte Montgomery County Board of Education was released on January 27, 2012, after the trial court's denial of Jones's summary-judgment motion but before Jones filed the initial petition for a writ of mandamus in this case. Jones cited and quoted from the decision extensively in the brief in support of his initial petition for a writ of mandamus.