This is an appeal from a summary judgment entered in favor of the plaintiff, Alpha Resins Corporation ("Alpha"), and against the defendants, Dynasty Corporation ("Dynasty"), Alfred Wilhite, and Peggy Wilhite, in an action to recover a debt that was secured, in part, by personal guaranties signed by the Wilhites.
The Wilhites were officers and the majority stockholders of Dynasty, a manufacturer of floor tiles. From 1984 to 1988 Alpha was the principal supplier of the resins that Dynasty used in its manufacturing process. Dynasty began to have problems paying for its resin shipments in 1985 and was soon substantially in debt to Alpha. In order to ensure a continued supply of resins, the Wilhites signed personal guaranties on August 20, 1985, and July 28, 1986.
Although those guaranties stated that they were signed by the Wilhites in consideration of a potential extension of credit by Alpha to Dynasty and the extension of time for payments toward "existing indebtedness," they expressly limited the Wilhites' personal liability under the guaranties to debts incurred as a result of resin shipments made after August 20, 1985, but prior to May 16, 1987. The first guaranty stated, in part:
 "[T]he undersigned guarantors hereby . . . guarantee prompt payment of any liability of [Dynasty] to you on account of merchandise and/or equipment or other personal property hereinafter sold or leased or delivered by you to [Dynasty] after [August 20, 1985], but prior to July 25, 1986. . . .
". . . .
 "This is an absolute guaranty, intended to cover any and all sales and/or lease transactions entered into after [August 20, 1985] and prior to July 25, 1986, regardless of form."
The second guaranty used the same language, except that the Wilhites' personal liability was limited to purchases made after July 28, 1986, but prior to May 16, 1987.
Dynasty continued to have problems servicing its debt to Alpha after the guaranties were executed. In 1989 Dynasty stopped buying resins from Alpha, switched to a new supplier, and apparently stopped making payments on its debt.
Alpha then filed a complaint against Dynasty and the Wilhites, demanding $71,291.68, the amount it contended was owed on the debt. The claim against the Wilhites was based solely on their guaranties.
Alpha filed a motion for summary judgment. The defendants then amended their answer, alleging that the guaranties had been signed without consideration and were therefore invalid. However, that amendment was stricken. The defendants then filed their first motion in opposition to summary judgment on October 10, 1989. That motion was supported by affidavits from Alfred Wilhite and Bob Droke, Dynasty's treasurer, as well as by other materials filed with the court, including materials submitted by Alpha. In his affidavit Alfred stated that Dynasty had been required to pay "collect on delivery" for the *Page 1280 
shipments it received during the period covered by the guaranties and therefore had not received any credit during that period. Droke's affidavit generally corroborated the statements contained in Alfred's affidavit.
Dynasty and the Wilhites also filed a second motion in opposition to summary judgment, along with a supplemental affidavit by Droke, on October 24, 1989. However, because it appears that the motion and affidavit were filed with the circuit court clerk's office only two minutes before that office received the trial court's order granting Alpha's motion for summary judgment and were not before the court when it ruled on Alpha's motion, they cannot be considered by this Court. Greene v. Thompson, 554 So.2d 376, 379 (Ala. 1989).
The burden on a party moving for summary judgment is clearly set out in Rule 56(c), Ala.R.Civ.P. Summary judgment should be entered only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has satisfied its burden by making a prima facie showing that there is no issue of material fact.Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989).
When ruling on a motion for summary judgment, the court should consider all evidence of record, including that evidence formally submitted in support of, or in opposition to, the motion. Spiegle v. Lott, 423 So.2d 163 (Ala. 1982). Since the burden of proof is initially on the moving party, evidence received by the trial court should be construed most strongly in favor of the opposing party, and that party should be given the benefit of all favorable inferences that can be drawn from the evidence. Ryan v. Charles Townsend Ford, Inc.,409 So.2d 784 (Ala. 1981). In addition, when reviewing the propriety of a summary judgment, this Court must view the motion and the evidence in a light most favorable to the opposing party.Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala. 1985).
Dynasty and the Wilhites argue that summary judgment was improper because, inter alia, they say there was a genuine issue regarding whether the total amount claimed by Alpha pursuant to the guaranties was attributable to debts arising from orders placed during the periods covered by the guaranties, or if a portion of the amount claimed was attributable to debts incurred by Dynasty outside those periods. As stated earlier, the guaranties expressly limited the Wilhites' personal liability to debts arising from shipment orders placed between August 20, 1985, and July 25, 1986, and between July 28, 1986, and May 16, 1987. Therefore, Alpha's judgment against the Wilhites cannot stand unless it is clear that the total amount it claimed represented debt incurred within those two periods.
After reviewing the record in a light most favorable to the defendants, including the invoices submitted by Alpha in support of its claim for $71,291.68, it appears that two of those invoices, invoices 19109 and 21453, were charges for shipment orders placed after May 16, 1987, the last date covered by the Wilhites' personal guaranties. The evidence submitted by Alpha created a genuine issue of material fact concerning what portion of the amount claimed by Alpha was covered by the guaranties. Therefore, the summary judgment was improper as to the Wilhites. Berner, supra. However, as to Dynasty, that judgment is not affected by the personal guaranties; therefore, it is due to be affirmed as to Dynasty.
For the reasons stated above, the judgment is affirmed in part and reversed in part, and the cause is remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur. *Page 1281