719 So.2d 185 (1998)
Ex parte Allen L. BRISLIN and Margaret R. Brislin.
(In re Allen L. BRISLIN and Margaret R. Brislin v. Dennis MORTIMER and Bradley and Associates).
1961814.
Supreme Court of Alabama.
February 13, 1998.
Desmond V. Tobias of Windom & Tobias, L.L.C., Mobile, for petitioners.
Ray G. Riley, Jr., Mobile, for respondents.
BUTTS, Justice.
Allen L. Brislin and his wife Margaret R. Brislin appealed from a summary judgment in favor of the defendants, Dennis Mortimer and Bradley and Associates, Inc., in an action alleging intentional, reckless, and innocent fraud; deceit; negligence; and fraudulent suppression. The Court of Civil Appeals affirmed, without opinion. Brislin v. Mortimer, (No. 2960111) 720 So.2d 1063 (Ala.Civ. App.1997). We reverse the judgment of the Court of Civil Appeals and remand.
On February 11, 1994, the Brislins entered an agreement with Debra J. "Honey" Clark to purchase stores at Daphne and Fairhope owned and operated by Honey's International, Inc., which in turn was owned by Clark. These stores were two of the three women's retail clothing stores operated by Clark. The purchase price was $93,192.11. Bradley and Associates was listed in the purchase agreement as the agent for the seller (Clark), and it was entitled to a brokerage fee at closing. The section of the purchase agreement dealing with the fee was styled "Commission." The Brislins say they relied on information supplied to them in a "Confidential Business Report," which had been prepared by Mortimer, acting as an agent for Bradley and Associates.
*186 The Brislins' initial sales at the stores were much lower than the gross income figures reported in the "Confidential Business Report" for the same time the prior year. The Brislins later learned that the information in the report was inaccurate. The report was based on information given to Mortimer by Clark and an accountant in Louisiana named Warren Hohensee. Hohensee had prepared "income statements" for Clark; it is not clear from the record what information Hohensee relied upon in preparing these "income statements." Clark was aware that a business report was prepared and that it was prepared in part from information she had provided, but she never reviewed it. In fact, in her deposition she states that the report has discrepancies in all the figures.
The "Confidential Business Report" included charts and graphs that reflected gross sales for the years 1990-1993. Mortimer represented to the Brislins that the gross sales figures in the report were only a minimum and that the true income was probably greater than the report reflected. The figures on the report, however, were substantially greater than the amount of gross sales revenue Clark had reported to state and local taxing authorities. According to Clark's testimony, both Mortimer and C.M. Bradley, the president of Bradley & Associates, were aware of the discrepancies between the revenue reported to the taxing authorities and the gross sales figures in the confidential business report.
The Brislins contend that they relied on the gross sales figures and other financial information that Mortimer provided in making their decision to purchase the stores. When the Brislins opened the stores, however, their gross sales were considerably lower than Mortimer had represented that Clark's had been in the past.
Rule 56, Ala. R. Civ. P., sets forth a two-tiered standard for entering a summary judgment. The trial court must determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
"`The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).'"
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quoting Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for ruling on the summary judgment motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See, also, Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that the nonmovants meet their burden by "substantial evidence." Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).
*187 The Brislins argue that the summary judgment was improper as to all of their claims because, they contend, they presented substantial and undisputed evidence that Bradley and Associates and Mortimer, its agent, made misrepresentations of material fact, orally and in writing, and that they relied on these misrepresentations to their detriment. The Brislins contend that the confidential business report contained misrepresentations about the nature of the business. Mortimer stated in the report: (1) that the "Honey's" stores the Brislins purchased were "part of a unique buying system" of Honey's International, Inc.; (2) that Honey's International had been in operation for 20 years; (3) that Honey's International offered a "buyer's protection plan" that guaranteed that Honey's International would not sell to any other retail outlet within the vicinity of a Honey's retail outlet; (4) that Honey's uses its buying power from its 70 retail outlets to enable it to buy high-quality name-brand apparel; (5) that Clark is a sociologist consultant to the fashion industry; and (6) that Honey's International was an apparel brokerage firm. Clark testified that she was not familiar with Honey's International's buying power; that she was not even sure what an apparel brokerage firm is; and that Honey's International had not been in operation for 20 years. Clark testified that she had never heard of a "buyer's protection plan." Clark also testified that she bought apparel for three retail stores, not for 70, as Mortimer had represented.
Nonetheless, Mortimer and Bradley and Associates argue that they cannot be held liable for any misrepresentation made by them because, they say, the Brislins waived their rights by agreeing to certain exculpatory clauses in a "Confidentiality, Non-Disclosure and Non-Circumvention Agreement" they signed in connection with the purchase of the stores. This agreement included the following statement: "BROKER does not represent that any of the financial information supplied by the seller has been verified or approved." Mortimer and Bradley and Associates also rely on a disclaimer in the "Confidential Business Report" itself, which states, in part, that "no representations or warranties are herein expressed or implied." However, these clauses were negated by the following language in the purchase agreement:
"Statements contained in any certificate, instrument or document delivered by or on behalf of any of the parties to this agreement shall be deemed representations and warranties."
The Brislins testified that they relied on this language, as well as statements and assurances by Mortimer that the financial figures were conservative and correct. This Court stated in Downs v. Wallace, 622 So.2d 337, 341 (Ala.1993):
"`In the realm of fact it is entirely possible for a party knowingly to agree that no representations have been made to him, while at the same time believing and relying upon representations which in fact have been made and in fact are false [and] but for which he would not have made the agreement. To deny this possibility is to ignore the frequent instances in everyday experience where parties accept, often without critical examination, and act upon agreements containing somewhere within their four corners exculpatory clauses in one form or another, but where they do so, nevertheless, in reliance upon the honesty of supposed friends, the plausible and disarming statements of salesmen, or the customary course of business. To refuse relief would result in a multitude of frauds and in thwarting the general policy of the law.'"
Quoting Bates v. Southgate, 308 Mass. 170, 182, 31 N.E.2d 551, 557-58 (1941). Thus, although the "Confidential Business Report" contained exculpatory clauses, it was reasonable for the Brislins to rely upon the statements and assurances made by Mortimer.
The evidence creates genuine issues of material fact as to the Brislins' claims against Mortimer and Bradley and Associates. The judgment of the Court of Civil Appeals is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
*188 ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.
MADDOX, Justice (dissenting).
The Court of Civil Appeals, citing Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909 (Ala.1994); Speigner v. Howard, 502 So.2d 367 (Ala.1987); and Berkel & Co. Contractors, Inc. v. Providence Hosp., 454 So.2d 496 (Ala.1984), affirmed the summary judgment, without opinion. Although I voted to grant the writ of certiorari in this case, in order to review the facts as set out by the plaintiffs in their Rule 39(k), Ala. R.App. P., motion, I find no substantial evidence to support the plaintiffs' claims; consequently, I respectfully dissent.
SEE, J., concurs.