MURDOCK, Justice.
 

 Patricia Ann Hamilton sued the Employees’ Retirement System of Alabama (“the Retirement System”), seeking a declaratory judgment that she was entitled to the retirement benefits of her father, Charles E. Hamilton. Patricia also asserted claims of breach of contract and fraud against the Retirement System.
 

 The Retirement System answered the complaint and, subsequently, moved for a summary judgment. In its motion for a summary judgment, the Retirement System argued that Patricia was not Charles’s designated beneficiary at the time of his death and that, therefore, the Retirement System had correctly paid death benefits to Charles’s designated beneficiary, Mary R. Winston, who, at the time of his death, was Charles’s former wife.
 

 In response, Patricia filed her own motion for a summary judgment and an oppo
 
 *841
 
 sition to the Retirement System’s motion. She argued that Charles had completed forms provided by the Retirement System designating her as his beneficiary effective at the time his retirement benefits were “due and payable” and that Charles’s retirement benefits became “due and payable” at the time of his death. Thus, Patricia argued that she was legally entitled to receive the death benefits that had been paid to Winston.
 

 Patricia subsequently moved the trial court to join Winston as a necessary party to the action; the trial court granted this motion, and Winston was served with a copy of the complaint. In addition to answering the complaint, Winston counterclaimed, seeking a judgment declaring that she was entitled to the death benefits she had received. She subsequently moved the trial court for a summary judgment adopting as her own the arguments and exhibits contained in the summary-judgment motion filed by the Retirement System.
 

 Following a hearing, the trial court entered a summary judgment in favor of the Retirement System and Winston. Patricia appeals following the denial of her post-judgment motion.
 

 Standard of Review
 

 “‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P.,
 
 Young v. La Quinta Inns, Inc.,
 
 682 So.2d 402 (Ala.1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party,
 
 Hurst v. Alabama Power Co.,
 
 675 So.2d 397 (Ala.1996),
 
 Fuqua v. Ingersoll-Rand Co.,
 
 591 So.2d 486 (Ala.1991); will accord the nonmoving party all reasonable favorable inferences from the evidence,
 
 Fuqua, supra, Aldridge v. Valley Steel Constr., Inc.,
 
 603 So.2d 981 (Ala.1992); and will resolve all reasonable doubts against the moving party,
 
 Hurst, supra, Ex parte Brislin,
 
 719 So.2d 185 (Ala.1998).
 

 “ ‘An appellate court reviewing a ruling on a motion for summary judgment will,
 
 de novo,
 
 apply these same standards applicable in the trial court.
 
 Fu-qua, supra, Brislin, supra.
 
 Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in deciding the motion.
 
 Dynasty Corp. v. Alpha Resins Corp.,
 
 577 So.2d 1278 (Ala.1991),
 
 Boland v. Fort Rucker Nat’l Bank,
 
 599 So.2d 595 (Ala.1992),
 
 Rowe v. Isbell,
 
 599 So.2d 35 (Ala.1992).’ ”
 

 Ex parte Turner,
 
 840 So.2d 132, 135 (Ala.2002) (quoting
 
 Ex parte Rizk,
 
 791 So.2d 911, 912-13 (Ala.2000)).
 

 Facts
 

 Charles was employed as a security officer with the Alabama Department of Youth Services. As such, Charles participated in the Teachers’ Retirement System of Alabama.
 
 [1]
 
 Charles had been married to Winston; they were divorced in August 1999. Following this divorce, Winston remained the designated beneficiary of retirement-system benefits payable in the event of Charles’s death.
 

 On January 5, 2004, Charles completed Form TRSF-10 Application for' Retirement. Charles indicated in section 5 of Form TRSF-10 that he was retiring based
 
 *842
 
 on years of service and that his projected retirement date was March 1, 2004. In section 8 of Form TRSF-10, Charles designated Patricia as his beneficiary in the event of his death. Following the place for designating the beneficiary in the event of death, section 8 then provides:
 

 “In the event the designated beneficiary listed above is different from that listed on my active account, I desire the change to be effeetive[:]
 

 _ Upon the duly executed completion of this application filed with the Board of Control.
 

 _ On the date my retirement benefit becomes due and payable.”
 

 Charles checked the box indicating that he desired his beneficiary change to be effective “on the date [his] retirement benefit [became] due and payable.”
 
 [2]
 

 On February 21, 2004, several days before his projected retirement date, Charles died of natural causes. On May 27, 2004, Patricia inquired with the Retirement System as to the survivor benefits payable on Charles’s death. Patricia was notified that Winston was Charles’s designated beneficiary at his death and that his survivor benefits were paid to her.
 

 Discussion
 

 The issue presented for this Court’s review is the proper interpretation of the provision marked by Charles on section 8 of Form TRSF-10. The Retirement System argues that the provision on the form for a designation of a new beneficiary to become effective “on the date [the] retirement benefit becomes due and payable” means that the designation of the new beneficiary is to become effective on the employee’s scheduled retirement date. Charles’s retirement date was specified in section 5 of Form TRSF-10 as March 1, 2004. Thus, according to the Retirement System, Charles died before his designation of Patricia as his beneficiary became effective.
 

 Patricia disagrees. Citing § 16-25 — 14(g)(2), Ala.Code 1975, she contends that Charles’s retirement benefits should be considered for purposes of Form TRSF-10 to have become “due and payable” upon his death. Section 16-25-14(g)(2), Ala.Code 1975, provides in part as follows:
 

 “In case of the death of a member eligible for service retirement pursuant to subsection (a) of this section, an allowance shall be paid to the surviving spouse, or to such other person who the member shall have designated, in an amount that would have been payable if the member had retired immediately prior to his death .... ”
 

 Patricia contends that, because the “allowance” described in § 16-25-14(g)(2) became “due and payable” at Charles’s death, Charles’s designation of her as his beneficiary in the Form TRSF-10 also became effective on the date of his death.
 

 We see two problems with Patricia’s reasoning. First, § 16 — 25—14(g)(2) provides for a
 
 preretirement death, benefit
 
 (which the statute simply refers to as “an allowance”) to the surviving spouse in an amount
 
 equal to
 
 what the employee’s retirement could have been
 
 if
 
 the employee had retired before his death. The statute contemplates that the employee will have died before actually retiring, and, by definition, the benefits to be received under the statute will not be “retirement bene
 
 *843
 
 fits.” It therefore is not accurate to say that Charles’s “retirement benefits” became “due and payable” on the date of his death.
 

 Second, Patricia’s interpretation of section 8 of Form TRSF-10 would have the effect of collapsing what obviously was intended as two separate and different choices in that section into no real choice. It cannot reasonably be concluded that the drafter of the form intended this.
 

 The question whether a contractual term is ambiguous or unambiguous is a question of law for the court to decide.
 
 State Farm Fire & Cas. Co. v. Slade,
 
 747 So.2d 293 (Ala.1999). An ambiguity exists if the term is “reasonably susceptible to two or more constructions or there is reasonable doubt or confusion as to their meaning.” 747 So.2d at 309.
 

 In this case, it is clear that the form, as witten, was intended to provide two separate and different choices to the employee: Choice one was an immediate change of beneficiary so that benefits would go to that newly designated beneficiary regardless of when the employee might die in relation to his or her scheduled retirement date. Choice two was intended to delay the effective date of the change of beneficiary until the scheduled retirement date.
 
 [3]
 

 Patricia’s interpretation causes the second choice in the form to have the same effect as the first choice. Thus, as noted, it collapses the two choices on the form into
 
 no
 
 real choice. It cannot reasonably be concluded that such a result was intended. We conclude that Patricia’s interpretation of the two choices stated in section 8 of Form TRSF-10 is unreasonable and, concomitantly, that that section is susceptible to only one reasonable interpretation— the interpretation provided by the Retirement System.
 

 As the Retirement System explains in it brief to this Court:
 

 “While [Charles] had submitted a request to change his beneficiary designation to be effective on a future date — the date of his retirement, [Charles] did not live until that date. Therefore, the [Retirement System] must pay the survivor benefits to the person designated at the time of his death. The [Retirement System] must rely on the clear and undisputed records and directives supplied to it by its participants.
 
 See Ex parte Employees’ Retirement System of Alabama,
 
 767 So.2d 331 (Ala.2000). In that case, the Supreme Court addressed a challenge to a beneficiary designation stating:
 

 “ When ERS receives a clear and unambiguous election-of-benefits form, we will not require ERS to look beyond the face of the form. This Court has applied this principle in eases involving other documents. This Court has stated that in interpreting a will “[e]xtrinsic evidence is not admissible to vary, contradict or add to the plain and unambiguous language of the will.”
 
 Cook v. Morton,
 
 254 Ala. 112, 116, 47 So.2d 471, 474 (1950). This Court often has stated that it will not look beyond the four corners of an instrument unless the instrument contains latent ambigui
 
 *844
 
 ties.
 
 Martin v. First Nat’l Bank of Mobile,
 
 412 So.2d 250, 253 (Ala.1982).’
 

 “767 So.2d at 334-35. The Court went on to conclude:
 

 “ ‘[W]e cannot sustain a posthumous challenge to a clear, unambiguous election of retirement benefits. To permit a surprised, disappointed, or disgruntled beneficiary to change an ERS member’s retirement benefits election that is clear on its face, after events have made the election undesirable, would weak havoc on the retirement system.’
 

 “767 So.2d at 335. The directives provided to [the Retirement System] by [Charles] were clear. His beneficiary designation was to be changed from [Winston] to Patricia Hamilton on the date of his retirement. Unfortunately, he did not live until that date. Therefore, [the Retirement System] had to pay the preretirement death benefits to [Winston].”
 

 We agree and therefore conclude that the trial did not err in entering a summary judgment in favor of the Retirement System and Winston. That judgment is affirmed.
 

 AFFIRMED.
 

 COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
 

 BOLIN, J., concurs in the result.
 

 [1]
 

 . No party has disputed the propriety of the Employees' Retirement System of Alabama being a named defendant.
 

 [2]
 

 . We also note that Charles received a form entitled “Instructions for Payment Request.” In that form there is a subsection entitled "Death Prior to Retirement.” Under that subsection the following note appears: "The employee’s spouse will receive the benefit specified unless the employee has designated another individual as beneficiary.”
 

 [3]
 

 . Section 16-25-14(g)(2), Ala.Code 1975, does not change the efficacy of the second alternative. The statute provides for benefits to go "to such other person who the member shall have designated." If the employee has designated a new person to be his or her beneficiary, but that designation by its own terms is not to become effective until the scheduled date of the employee’s retirement and the employee dies before that date, the newly designated person will not have been effectively designated as the beneficiary as of the date of the employee's death.