MAIN, Justice.
Cathy Trimble and Ida Longmire petition this Court for a writ of mandamus directing the Perry Circuit Court to enter a summary judgment in their favor on certain claims asserted against them by Crystal Lewis, individually and by and through her mother and next friend, Mary Lewis. We grant their petition and issue the writ.
I. Facts and Procedural History
In October 2012, Crystal was a 12th-grade student at Francis Marion High School, a school within the Perry County public-school system. The school system is covered by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (“the Act”). That Act generally requires a school district to provide reasonable accommodations to assist any child deemed to have a “disability” as that term is defined by the Act. Crystal has a medical condition that required the Perry County public-sehool system to provide her with certain special accommodations.
Longmire is an English teacher at Francis Marion High School and also served as committee-member secretary for the school’s Section 504 special-accommodations meetings. In October 2012, Long-mire prepared an updated report of the special accommodations required by Section 504. The report was intended to inform particular teachers of the 504 accommodations for specific students. Longmire placed a copy of the report in sealed envelopes, which were to be hand delivered to the teachers.
On October 16, 2012, Longmire contacted Trimble, who was then the acting principal at Francis Marion High School. Longmire asked Trimble about distributing the envelopes containing the 504-ac-eommodation information. Trimble assigned a student office aide the task of delivering the envelopes to the teachers. Longmire gave the aide the sealed envelopes with specific instructions to hand deliver them to the teachers whose names were oñ the outside of each envelope.
Rather than delivering the envelopes as instructed, the student office aide opened one of the sealed envelopes and read about Crystal’s medical condition. She shared that information about Crystal’s medical condition with other students.
On December 11, 2012, Crystal, individually and by and through her mother and next friend, Mary Lewis, commenced this action against Longmire, Trimble, the student office aide, the Perry County Board of Education, “Francis Marion High School,” and other school administrators. In her complaint, Crystal alleged that she has faced ridicule, harassment, and bullying as a result of the dissemination of her confidential medical information. She asserted claims of negligence, wantonness, nuisance, breach of contract, and invasion of privacy against each defendant and claims of negligent hiring, training, and supervision against all the defendants except the student office aide and Longmire. Following a period of discovery, Longmire and Trimble moved for a summary judgment on the ground that they were entitled to State-agent immunity ■ as to all claims asserted against them by Crystal. On August 31, 2015, the trial court entered an order denying Longmire and Trimble’s motion for a summary judgment, concluding that there was a genuine issue of material fact as to whether Longmire and Trimble had violated a written policy concerning the confidentiality of student records.[1] Longmire and Trimbíe then filed this petition for a writ of mandamus.
*1127 II. Standard of Review
“ ‘ “While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion grounded on a claim of immunity is reviewable by petition for writ of mandamus. Ex parte Purvis, 689 So.2d 794 (Ala.1996)....
“ "‘ “Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled tó a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., Young v. La Quinta Inns, Inc., 682 So.2d 402 (Ala.1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party, Hurst v. Alabama Power Co., 675 So.2d 397 (Ala.1996), Fuqua v. Ingersoll-Rand Co., 591 So.2d 486 (Ala.1991); will accord the nonmoving party all reasonable favorable inferences from the evidence, Fuqua, supra, Aldridge v. Valley Steel Constr., Inc., 603 So.2d 981 (Ala.1992); and will resolve all reasonable doubts against the moving party, Hurst, supra, Ex parte Brislin, 719 So.2d 185 (Ala.1998).
‘““An appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply these same standards applicable in the trial court. Fuqua, supra, Brislin, supra. Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in deciding the motion.. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala.1991), Boland v. Fort Rucker Nat'l Bank, 599 So.2d 595 (Ala.1992), Rowe v. Isbell, 599 So.2d 35 (Ala.1992).”’
“Ex parte Turner, 840 So.2d 132, 135 (Ala.2002) (quoting Ex parte Rizk, 791 So.2d 911, 912-13 (Ala.2000)). A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: ‘ “(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”’ Ex parte Nall, 879 So.2d 541, 543 (Ala.2003) (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)).”
Ex parte Yancey, 8 So.3d 299, 303-04 (Ala.2008).
III. Analysis
Trimble and Longmire contend that they are entitled to State-agent .immunity as to the claims asserted against them by Crystal. They argue that Crystal’s claims arise out of their performance of official duties as employees of the Perry County Board of Education and from their exercise of discretion in distributing 504-ac-commodation information to teachers.
In Ex parte Cranman, 792 So.2d 392 (Ala.2000),[2] we stated:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s.
“(1) formulating plans, policies, or designs; or
*1128 “(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
“(a) making administrative adjudications;
“(b) allocating resources;
“(c) negotiating contracts;
“(d) hiring, firing, transferring, assigning, or supervising personnel; or
“(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
“(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers’ arresting or attempting to arrest persons; or
“(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
792 So.2d at 405.
“This Court has established a ‘burden-shifting’ process when a party raises the defense of State-agent immunity. Gi-ambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003). In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiffs claims arise from a function that would entitle the State agent to immunity. Giambrone, 874 So.2d at 1052; Ex parte Wood, 852 So.2d 705, 709 (Ala.2002). If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Giambrone, 874 So.2d at 1052; Wood, 852 So.2d at 709; Ex parte Davis, 721 So.2d 685, 689 (Ala.1998). ‘A State agent acts beyond authority and is therefore not immune when he or she “fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.”’ Giambrone, 874 So.2d at 1052 (quoting Ex parte Butts, 775 So.2d 173, 178 (Ala.2000)).”
Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala.2006). Additionally, as this Court has stated:
“ ‘State-agent immunity protects agents of the State in their exercise of discretion in educating students. We will not second-guess their decisions.’ Ex parte Blankenship, 806 So.2d 1186, 1190 (Ala.2000). However, ‘[ojnce it is determined that State-agent immunity applies, State-agent immunity is withheld upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. [Ex parte] Cranman, 792 So.2d [392,] at *1129 405 [(Ala.2000)].’ Ex parte Bitel, 45 So.3d 1252, 1257-58 (Ala.2010).”
N.C. v. Caldwell, 77 So.3d 561, 566 (Ala.2011).
Crystal does not contest whether her claims arise out of Longmire’s and Trimble’s exercise of “a function that would entitle the state agent[s] to immunity.” Reynolds, 946 So.2d at 452. Rather, Crystal argues that there is a genuine issue of material fact as to whether Longmire and Trimble acted beyond their authority by allegedly violating the Perry County Board of Education’s policy on confidentiality of student records. That policy provides:
“The principal is the legal custodian of student records. Student records are confidential and information other than 'directory information’ will not be released without the consent of the par-enVguardian or’ student 18 years of age or older, or otherwise allowed by law.”
Crystal contends that Longmire’s and Trimble’s entrustment of Crystal’s confidential information to a student office aide violated this policy. Thus, she argues that Longmire and Trimble exceeded their authority and are not entitled to State-agent immunity. We disagree.
Nothing in the materials before us suggests that Longmire and Trimble acted beyond their authority. It was necessary for Longmire and Trimble to distribute the 504-accommodation information regarding students to the teachers to whom that information was applicable. They chose to distribute the information by hand delivering a sealed envelope addressed to each teacher affected by the 504-accommoda-tion information in their respective classrooms by a student office aide. The use of a student office aide in this manner was not prohibited by any detailed policy, rule, or procedure. See, e.g., Ex parte Spivey, 846 So.2d 322, 333 (Ala.2002) (holding that general responsibility to ensure safety in classroom was not the type of “detailed rules or regulations” that would remove a State agent’s judgment on the performance of required acts). Moreover, it is undisputed that Longmire and Trimble did not expect the student office aide to open and read the material enclosed in the sealed envelope. Accordingly, we conclude that Longmire and Trimble did not act “willfully, maliciously, fraudulently, in bad faith, or beyond [their] authority.” Therefore, they are entitled to State-agent immunity as to Crystal’s claims against them.
IV. Conclusion
Because Longmire and Trimble are entitled to State-agent immunity, they have a “clear legal right” to a summary judgment in their favor. The trial court is ordered to vacate its order denying the motion for a summary judgment filed by Longmire and Trimble and to enter a summary judgment in their favor.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, SHAW, and WISE, JJ., concur.
MURDOCK and BRYAN, JJ., concur in the result.
MOORE, C.J., dissents.

. The trial court subsequently entered a summary judgment as to all the other defendants *1127 except the student office aide.

. Although Cranman .was a plurality opinion, the test set forth in Cranman was subsequently adopted by a majority of the Court in Ex parte Butts, 775 So.2d 173, 178 (Ala.2000).