Rel: March 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

## SC-2024-0732

_____

## Ex parte Air Evac EMS, Inc.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Earnest Charles Jones, by and through Ovetta Jones, as spouse and next friend

## v.

## Bryan Heath Wester et al.)

## (Dallas Circuit Court: CV-20-900199)

COOK, Justice.

On August 27, 2018, Earnest Charles Jones ("Earnest") was attacked and severely injured by a bull. After first being taken to a local hospital, Earnest was ultimately transported by helicopter to University of South Alabama Hospital ("USA Hospital") for treatment. During transport, Earnest suffered injuries to his throat allegedly because Bryan Heath Wester, a flight nurse and paramedic, removed a nasal-gastro tube from Earnest's throat.

Almost two years later, on August 24, 2020, Ovetta Jones ("Ovetta"), as the spouse and next friend of Earnest, filed suit in the Dallas Circuit Court against the defendants, Wester and Air Evac EMS, Inc., d/b/a Air Evac Lifestream ("Air Evac"), alleging claims of negligence and wantonness related to the care and treatment of Earnest during his transport to USA Hospital.

Nearly four years after they filed their initial complaint and nearly six years after Earnest was injured, the Joneses amended their complaint. The amended complaint alleged that on August 26, 2018 -- the day before Earnest's air transport -- Wester unlawfully stole pain medication (ketamine) from the helicopter, substituting saline solution in its place. It further alleged that the other flight nurses failed to

2

discover this fact, failed to properly treat Earnest's pain, and/or failed to properly monitor his medical condition during his transport. The Joneses also alleged that Air Evac failed to properly train, hire, and supervise its employees and failed to comply with state and federal guidelines regarding the storage of ketamine.

Air Evac filed a motion for a summary judgment in which it argued that the amended complaint was due to be dismissed because it was time-barred under the applicable statutes of limitations and repose. It also argued that the new allegations in the amended complaint did not relate back to the filing of the initial complaint because they were completely different from the allegations in the initial complaint. Following a hearing on the motion, the trial court denied Air Evac's motion.

Air Evac then petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying its summary-judgment motion and to enter a summary judgment disposing of the amended complaint on the grounds that the claims asserted therein are barred by the applicable statutes of limitations and repose and, thus, do not relate back to the time the initial complaint was filed. As explained below, because it is clear from the face of both the initial complaint and

3

the amended complaint that the claims asserted in the amended complaint are time-barred, the trial court erred in denying Air Evac's motion for a summary judgment.

Facts and Procedural History

A. The Joneses' Initial Complaint

On August 24, 2020, the Joneses commenced the underlying action in the Dallas Circuit Court against Wester and Air Evac. In their initial complaint, the Joneses alleged that, on August 27, 2018, during the emergency medical transport to Mobile by helicopter, Wester, a flight nurse and paramedic, forcibly removed a nasal-gastro tube from Earnest in a negligent and/or wanton manner, causing permanent injury to his throat in several ways.

They further alleged that Air Evac was Wester's employer and that his tortious act was committed within the line and scope of his employment with the company. Specifically, the Joneses alleged:

"Count I

"1. … On or about the 27th day of August 2018, … Defendant Bryan Heath Wester negligently, wantonly, and intentionally caused bodily injury to Plaintiff Earnest C. Jones by forcibly removing an intravenous (or nasal-gastro) tube providing medication being delivered to [Earnest] … while being transported and airlifted aboard a helicopter owned and

4

operated by Defendant Air Evac Lifeteam ….

"2. As a proximate result of the Defendant's said negligent and wanton conduct, [Earnest] was caused to suffer the following injuries and damages: bruising, abrasions, and scarring to his throat, larynx, pharynx, and voice box. Furthermore, [Earnest] was caused … [to suffer] nightmares, loss of ability to talk, sing, and effectively communicate verbally.

"….
## "Count II

"1. On or about the 27th day of August, 2018, the Defendant … Wester committed an assault and battery upon [Earnest] by unlawfully, physically, and forcibly removing the medical tubing from [Earnest's] mouth and throat ….

"2. As a proximate result of Defendant … Wester's conduct, [Earnest] was caused to suffer the following injuries and damages: bruising, abrasions, and scarring to his throat, larynx, pharynx, and voice box. Furthermore, [Earnest] was caused … [to suffer] nightmares, loss of ability to talk, sing, and effectively communicate verbally.

"….
## "Count III

"….

"2. At all times mentioned, Defendant … Wester was the agent, servant, and employee of the Defendant Air Evac EMS, d/b/a/ as Air Evac Lifeteam, (hereinafter 'Air Evac'), and was acting at all times within the scope of his agency and employment, and with the knowledge and consent of his principal and employer.

"….

"4. On or about the 27th day of August, 2018, while [Earnest] was being treated for traumatic physical injuries and was being transported from Vaughan Regional Medical Center in Selma, Dallas County, Alabama to USA Medical Center in Mobile, Mobile County, Alabama by Defendant Air Evac, the Defendant … Wester acting as an emergency medical technician or nurse, committed an assault and battery upon [Earnest] by unlawfully, physically, and forcibly removing the medical tubing from [Earnest's] nose and throat ….

"5. As a proximate result of the Defendants' said acts and omissions, [Earnest] was caused to suffer the following injuries and damages: bruising, abrasions, and scarring to his throat, larynx, pharynx, and voice box. Furthermore, [Earnest] was caused … [to suffer] nightmares, loss of ability to talk, sing, and effectively communicate verbally."

B. The Joneses' Amended Complaint

Then, on April 26, 2024 -- nearly four years after they filed their initial complaint and nearly six years after Earnest was injured -- the Joneses amended their complaint to allege claims pursuant to the Alabama Medical Liability Act ("the AMLA"), § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975. In the amended complaint, the Joneses alleged that, the day before Earnest's flight, Wester accessed the controlled-substances box on the helicopter, removed two vials of ketamine, and replaced the ketamine with saline solution.

They then alleged that, during Earnest's transport, two flight

nurses -- Lindy Stephens and Ryan Zoubovitch -- administered the saline solution to Earnest in place of ketamine, despite the fact that it was evident that the medication had been tampered with. They also alleged that the flight nurses improperly continued to administer Versed and fentanyl to Earnest despite his continuing to experience discomfort and pain.

The Joneses further alleged that Air Evac, through its flight nurses, Stephens and Zoubovitch,[1] breached the applicable standard of care by failing to:

- "recognize and appropriately respond to [Earnest's] pain and discomfort during his transport from Vaughan to USA Hospital";

- "recognize the risks of utilization of Versed as opposed to ketamine to treat [Earnest's] pain and discomfort during his transport from Vaughan to USA Hospital";

- "appropriately monitor [Earnest's] pain and discomfort during his transport from Vaughan to USA Hospital";

- "properly discontinue Versed in light of the minimal effect it had on [Earnest's] pain and discomfort during his transport from Vaughan to USA Hospital";

- "properly communicate with other healthcare providers that [Earnest] was administered a dosage of ketamine that

---

[1]Stephens and Zoubovitch were not added as defendants in the amended complaint.

7

was believed to have been tampered with or otherwise compromised";

- "properly document in the medical records that [Earnest] was administered a dosage of ketamine that was believed to have been tampered with or otherwise compromised"; and

- "have a conversation with [Earnest], [Ovetta], or other medical providers and administered a dosage of ketamine that was believed to have been tampered with or otherwise compromised."

Finally, the Joneses argued that Air Evac negligently and wantonly failed to adhere to state and federal guidelines regarding access, storing, administering, and disposing of controlled substances, such as ketamine, and further failed to properly train, hire, and supervise employees on state and federal guidelines regarding access, storing, administering, and disposing of such controlled substances.

C. Air Evac's Summary-Judgment Motion

On July 2, 2024, Air Evac moved for a summary judgment on the basis that the Joneses' claims in their amended complaint were time-barred under the applicable two-year statute of limitations and four-year statute of repose.

Air Evac further argued that the claims in the amended complaint did not relate back to the filing of the initial complaint under Rule

8

15(c)(2), Ala. R. Civ. P., because, it asserted, the amended complaint contained "completely new factual allegations and … completely new causes of actions not mentioned or alluded to in [the] initial Complaint." Specifically, Air Evac argued that the amended complaint "does not assert a claim that arose out of the conduct, transaction or occurrence set out or attempted to be set out in the initial Complaint and, therefore, is time-barred."

Air Evac explained that "[t]he sole allegation in [the Joneses'] initial Complaint is that Wester caused [Earnest] damages to his throat by 'forcibly removing an intravenous (or nasal-gastro) tube.'" In comparison, Air Evac explained that the amended complaint, "for the first time, raises the allegation that Wester diverted ketamine that was subsequently administered to [Earnest]"; "for the first time alleges [that] the Air Evac flight crew who provided care and treatment to [Earnest] on August 27, 2018, Nurse Lindy Stephens and paramedic Ryan Zoubovitch (and not Wester), breached the standard of care allegedly causing [Earnest's] injuries"; and "for the first time alleges Air Evac was negligent in hiring, training and supervising its employees regarding storing, accessing, administering and disposing of controlled substances."

9

Because the Joneses' amended complaint "has no resemblance to the initial complaint and contains completely different causes of action alleged against different individuals," Air Evac concluded, the Joneses' amended complaint "does not relate back to the initial Complaint, is time-barred by the two-year statute of limitations and four-year statute of repose, and [is] due to be DISMISSED as a matter of law." (Capitalization in original.)

In response to Air Evac's motion, the Joneses submitted an affidavit pursuant to Rule 56(f), Ala. R. Civ. P., asserting that they needed additional discovery of facts to oppose the motion. Air Evac responded, contending that, because the issue presented was a question of law, the two complaints were all that was needed to determine whether the amended complaint relates back to the filing of the initial complaint.

Following a hearing, the trial court denied Air Evac's motion. Air Evac then filed the present petition for a writ of mandamus with our Court, and we subsequently ordered answers and briefs.

## Standard of Review

It is well settled that

"a writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate:

"'"(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."'"

Ex parte Hodge, 153 So. 3d 734, 749 (Ala. 2014) (quoting Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003), quoting in turn Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001)) (emphasis omitted).

This Court typically does not conduct mandamus review of a trial court's denial of a motion for a summary judgment. See Ex parte Simpson, 36 So. 3d 15, 22 (Ala. 2009). However,

"'[t]his Court has recognized that an appeal is an inadequate remedy in cases where it has determined that a defendant should not have been subjected to the inconvenience of litigation because it was clear from the face of the complaint that the defendant was entitled to a dismissal or to a judgment in its favor.'"

Ex parte Abbott Lab'ys, 342 So. 3d 186, 193 (Ala. 2021) (quoting Ex parte Sanderson, 263 So. 3d 681, 687-88 (Ala. 2018)).

This Court has stated the applicable standard of review relevant to a petition for a writ of mandamus challenging the denial of a motion for a summary judgment as follows:

"'"'Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a

11

judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P., Young v. La Quinta Inns, Inc., 682 So. 2d 402 (Ala. 1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party, Hurst v. Alabama Power Co., 675 So. 2d 397 (Ala. 1996), Fuqua v. Ingersoll-Rand Co., 591 So. 2d 486 (Ala. 1991); will accord the nonmoving party all reasonable favorable inferences from the evidence, Fuqua, supra, Aldridge v. Valley Steel Constr., Inc., 603 So. 2d 981 (Ala. 1992); and will resolve all reasonable doubts against the moving party, Hurst, supra, Ex parte Brislin, 719 So. 2d 185 (Ala. 1998).

"'"'An appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply these same standards applicable in the trial court. Fuqua, supra, Brislin, supra. Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in deciding the motion. Dynasty Corp. v. Alpha Resins Corp., 577 So. 2d 1278 (Ala. 1991), Boland v. Fort Rucker Nat'l Bank, 599 So. 2d 595 (Ala. 1992), Rowe v. Isbell, 599 So. 2d 35 (Ala. 1992).'"

"'Ex parte Turner, 840 So. 2d 132, 135 (Ala. 2002) (quoting Ex parte Rizk, 791 So. 2d 911, 912-13 (Ala. 2000)).'"

Ex parte Town of Dauphin Island, 274 So. 3d 237, 242 (Ala. 2018) (quoting Ex parte Yancey, 8 So. 3d 299, 303-04 (Ala. 2008)). This Court likewise reviews de novo a trial court's application of Rule 15(c)(2), Ala. R. Civ. P. See Prior v. Cancer Surgery of Mobile, P.C., 959 So. 2d 1092,

12

1094-95 (Ala. 2006).

Discussion

In its petition for a writ of mandamus, Air Evac argues that the trial court erred in denying its motion for a summary judgment because, it says, the Joneses' claims alleged in the amended complaint were barred by the two-year statute of limitations and the four-year statute of repose found in the AMLA. Air Evac further argues that, under Rule 15(c)(2), Ala. R. Civ. P., the amended complaint does not relate back to the filing of the initial complaint because, it says, the claims asserted in the amended complaint did not arise out of the conduct, transaction, or occurrence set forth -- or attempted to be set forth -- in the initial complaint.

As relevant here, the AMLA provides that "[a]ll actions against physicians, … medical institutions, or other health care providers for liability, error, mistake, or failure to cure … must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards." § 6-5-482(a), Ala. Code 1975 (emphasis added). It also provides that "in no event may the action be commenced more than four years after such act …." Id. (emphasis added).

Our Court has long recognized that the Alabama Rules of Civil Procedure allow parties to amend their complaints. Rule 15(a), Ala. R. Civ. P. We have explained that, "[e]ven if otherwise barred by the applicable statute of limitations, an amendment to a complaint may be allowed if it 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ….' Rule 15(c)(2), Ala. R. Civ. P." Prior, 959 So. 2d at 1095.

It is undisputed that the Joneses' amended complaint was not filed within four years of the complained-of acts. See § 6-5-482(a). Thus, the question we must decide is whether their amended complaint "'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ….' Rule 15(c)(2), Ala. R. Civ. P." Prior, 959 So. 2d at 1095.

This Court recently addressed a situation similar to the one at issue here in Ex parte Affinity Hospital, LLC, 373 So. 3d 180 (Ala. 2022). In that case, the initial complaint averred that Catherine Davis had undergone outpatient surgery and had sustained unintended lacerations during the procedure. Davis ultimately suffered from a severe infection and abdominal compartment syndrome. The initial complaint asserted

14

that the medical staff had breached the standard of care by "'[n]egligently perform[ing] invasive procedures causing injury' and by failing to: 'timely diagnose [the] laceration,' 'emergently treat [the] laceration,' 'monitor for signs of infection,' 'report signs of infection,' 'diagnose [the] infection,' 'treat [the] infection,' and 'formulate, implement and execute a plan of care,' or 'obtain [a] timely consult.'" Ex parte Affinity Hosp., 373 So. 3d at 181.

After the two-year statute of limitations had run, the plaintiff in that case filed an amended complaint averring, for the first time, that Davis had been a diabetic and that, after her surgery, she had suffered from fluctuating blood-glucose levels and mental confusion. The plaintiff further alleged that the defendants neither monitored her blood-glucose levels nor reassessed her for fall-risk safety. The plaintiff then alleged that, while in the hospital, Davis had fallen and suffered a perforated viscus, leading to abdominal compartment syndrome and her ultimate death.

The amended complaint specifically alleged that the defendants had breached the standard of care by failing to: "'properly monitor [Davis's] blood glucose levels and report results to [her] physicians'";

15

"'appropriately monitor, manage, and/or treat [her] blood glucose levels, according to physician orders and/or hospital policies, procedures, and/or guidelines'"; "'properly assess and timely report [her] material changes in condition'"; "'timely and properly perform a fall risk assessment for [her], following her changes in condition, including but not limited to a change in mental status'"; "'recognize, diagnose, and provide interventional treatment for [her], following her material changes in condition'"; "'notify or communicate with [her] other healthcare providers about [her] material changes in condition'"; "'properly timely review, interpret, or diagnose [her] low blood glucose levels and provide interventional treatment'"; and "'investigate, examine, or provide any follow-up work-up for the cause of [her] distended abdomen.'" Id. at 183-84. The defendants filed motions to dismiss the amended complaint as time-barred, which the trial court denied.

The defendants filed a mandamus petition with this Court, averring that the claims in the amended complaint were barred by the applicable statute of limitations and did not relate back to the filing of the initial complaint. The plaintiff in turn argued that the claims asserted in the amended complaint properly related back because, he asserted, they arose

16

out of allegations that, during the three-day period after Davis's surgery, the defendants had provided improper care to Davis, leading to abdominal injury and abdominal compartment syndrome, which, in turn, caused her death.

Upon review, this Court granted the petition and issued the writ, finding that the claims asserted in the amended complaint were time-barred and due to be dismissed. This Court explained "that whether an amended complaint will relate back to an original complaint focuses on whether the amended complaint consists of a refinement of the original allegations, and therefore is permissible under Rule 15(c)(2), or addresses different conduct, transactions, or occurrences than originally pleaded, and therefore will not relate back." Id. at 188. In such circumstances, we explained that the applicable test is "'whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony.'" Id. (citation and emphasis omitted).

Applying this test, our Court analyzed both the initial complaint and the amended complaint and found that the amended complaint "did not simply assert a new theory of liability … or add facts that explained

17

conduct that previously had been alleged." Id. at 190. Instead, our Court noted that the amended complaint "altered what occurrence allegedly caused [Davis's] injuries and what conduct of [the defendants] allegedly exacerbated the occurrence that precipitated [Davis's] death." Id. As a result, our Court held that the amended "complaint clearly addresses conduct distinct in kind and in time from the conduct alleged in [the] original complaint (and five subsequent amended complaints)," and, therefore, the amended "complaint cannot relate back to [the] original complaint." Id. at 192.

In the same way, here, the Joneses' amended complaint -- filed nearly four years after they filed their initial complaint and nearly six years after Earnest was injured -- alleged entirely new facts that occurred on a different day and by different individuals than previously set forth in the initial complaint. For instance, the sole allegation in the Joneses' initial complaint was that on August 27, 2018, flight nurse and paramedic Wester physically removed a tube from Earnest's throat, causing him "bruising, abrasions, and scarring to his throat, larynx, pharynx, and voice box" as well as "nightmares, loss of ability to talk, sing, and effectively communicate verbally." Because Wester was an

18

employee of Air Evac at the time of that alleged conduct, the Joneses alleged that Air Evac was liable under a theory of respondeat superior.

In the amended complaint, however, the Joneses alleged that on the previous day, August 26, 2018, Wester intentionally replaced the ketamine on the helicopter with saline solution, and that on August 27, 2018, two different flight nurses -- Stephens and Zoubovitch -- "knowingly administered" the saline solution to Earnest. Further, the Joneses alleged that Air Evac was liable for negligent and wanton hiring, training, and supervision of its employees and for failing to "comply with the state and federal guidelines regarding the storage of controlled substances."

Reviewing both the initial complaint and the amended complaint side-by-side, the claims asserted in the Joneses' amended complaint do not arise out of the same set of operative facts as the claims asserted in the initial complaint. For instance, the amended complaint alleged for the first time that Earnest's injuries were the result of conduct that occurred on August 26, 2018. It also alleged an entirely new cause of Earnest's injuries: Wester's replacing ketamine with saline solution that was subsequently administered to Earnest. In contrast, the initial

19

complaint alleged that Earnest's injuries were proximately caused by the forceful removal of a medical tube from his throat and mouth.

Additionally, the initial complaint and the amended complaint involve allegations of different breaches of the standard of care by, in large part, different individuals. The alleged breaches of the standard of care -- the incompetent removal of a nasal-gastro tube versus the theft of medication a day earlier, the failure to discover that the medication had been replaced with saline solution, and/or failure to properly monitor and treat Earnest's pain and suffering during the transport -- are completely different and not related to one another.

Most tellingly, the sole breach of the standard of care alleged, and the operative facts pleaded in the initial complaint are nowhere to be found in the amended complaint. In fact, there is no mention of the removal of a nasal-gastro tube or a throat injury at all in the amended complaint.

The Joneses do not dispute these facts in their response brief to this Court. Based on the foregoing, the allegations in the amended complaint are not a mere refinement of what the Joneses pleaded in the initial complaint. Instead, they are "drastic departures from the allegations in

20

the original complaint concerning both the cause of [Earnest's] initial injuries and the conduct of [the defendants] that allegedly caused [Earnest's injuries]." Ex parte Affinity Hosp., 373 So. 3d at 191. Because the Joneses' amended complaint "clearly addresses conduct distinct in kind and in time from the conduct alleged in [their] original complaint," id. at 192, and "listed several actions by [the defendants] that [the Joneses] alleged had breached the applicable standard of care owed to [Earnest] that were entirely different than some of the actions listed in the original complaint," id. at 191, their amended complaint cannot relate back to the filing of their initial complaint.

## Conclusion

For the foregoing reasons, Air Evac has demonstrated a clear legal right to relief here, and its petition is granted. Accordingly, we issue a writ of mandamus directing the Dallas Circuit Court to vacate its order denying Air Evac's motion for a summary judgment as to the Joneses' amended complaint and to, instead, enter an order granting that motion.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Shaw, Wise, Bryan, Sellers, Mendheim, Mitchell, and McCool, JJ., concur.

21